FILED
JAMES J. VILT, JR. - CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

MAY 21 2025

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES OF AMERICA

v.

INDICTMENT

NO. 3:25CR88DJH

18 U.S.C. § 2
18 U.S.C. § 1956
18 U.S.C. § 1957
18 U.S.C. § 982
21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(b)(1)(A)
21 U.S.C. § 846
21 U.S.C. § 853
28 U.S.C. § 2461(c)

**ANTONIO TAYLOR** (Count 1, 4, 5)
**JOSHUA JAMES** (Counts 1, 3)
**CLEOTIA EVANS** (Count 1)
**JAREMEIA HINKLE** (Count 2)

The Grand Jury charges:

## COUNT 1
*(Conspiracy to Attempt to Possess with Intent to Distribute Fentanyl)*

Beginning on a date unknown to the Grand Jury, but at least as early as June 2024, and continuing to on or about and through July 11, 2024, in the Western District of Kentucky, Jefferson County, Kentucky, the defendants, **ANTONIO TAYLOR, JOSHUA JAMES**, and **CLEOTIA EVANS**, knowingly and intentionally conspired with each other and others, known and unknown to the Grand Jury, to attempt to possess with intent to distribute 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl], commonly known as "fentanyl," a Schedule II controlled substance as defined in Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A).

The Grand Jury further charges:

## COUNT 2
*(Possession with Intent to Distribute Fentanyl)*

On or about September 12, 2024, in the Western District of Kentucky, Jefferson County, Kentucky, and elsewhere, the defendant, **JAREMEIA HINKLE**, aided and abetted by others, knowingly and intentionally possessed with the intent to distribute 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl], commonly known as "fentanyl," a Schedule II controlled substance, as defined in Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), and Title 18, United States Code, Section 2.

The Grand Jury further charges:

## COUNT 3
*(Conspiracy to Attempt to Possess with Intent to Distribute Methamphetamine)*

Beginning on a date unknown to the Grand Jury, but at least as early as March 29, 2024, and continuing to on or about and through April 1, 2025, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **JOSHUA JAMES**, knowingly and intentionally conspired with others, known and unknown to the Grand Jury, to attempt to possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance as defined in Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A).

The Grand Jury further charges:

## COUNT 4
*(Engaging in Monetary Transactions Derived From Specified Unlawful Activity)*

On or about May 22, 2024, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **ANTONIO TAYLOR**, did knowingly engage in a monetary transaction in criminally derived property of a value greater than $10,000, and which in fact was derived from specified unlawful activity, namely, the defendant made a downpayment of $15,000 in currency to Commonwealth Dodge, LLC, for the purchase of a 2023 Dodge Charger, which funds in fact were derived from narcotics trafficking.

In violation of Title 18, United States Code, Section 1957.

The Grand Jury further charges:

## COUNT 5
*(Laundering of Monetary Instruments)*

### BACKGROUND

On or about May 28, 2024, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **ANTONIO TAYLOR**, purchased a 2023 Dodge Charger, bearing vehicle identification number (VIN) 2C3CDXGJ5PH697460, from Commonwealth Dodge, LLC, located in Louisville, Kentucky. The cash price of the vehicle was $71,799.52. At the time of purchase, the defendant, **ANTONIO TAYLOR**, made a downpayment of $15,000 and financed the remaining purchase price of $53,799.52. As part of the financing agreement, the defendant, **ANTONIO TAYLOR**, completed a false application related to the source of his income as being from employment at "AMK Entertainment, LLC", a company he incorporated, to obtain financing.

FINANCIAL TRANSACTION

On or about July 17, 2024, in the Western District of Kentucky, Jefferson County, Kentucky, and elsewhere, the defendant, **ANTONIO TAYLOR**, did knowingly conduct a financial transaction affecting interstate and foreign commerce, to wit, the defendant made a payment of $1,350 as part of a financing agreement for the purchase of the above named 2023 Dodge Charger, which involved the proceeds of a specified unlawful activity, that is drug trafficking, knowing that the transaction was designed in whole and in part to conceal and disguise, the nature, location, and source, of the proceeds of said specified unlawful activity and that while conducting such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 1956(b).

NOTICE OF FORFEITURE

As a result of committing offenses in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1), and 846 as specifically charged in this Indictment, felonies punishable by imprisonment for more than one year, the defendants, **ANTONIO TAYLOR**, **JOSHUA JAMES**, **CLEOTIA EVANS**, and **JAREMEIA HINKLE**, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of said violations and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violations.

Additionally, upon a conviction of a violation of Title 18, United States Code, Sections 1956 and 1957, as specifically charged in Counts 4 and 5 of this Indictment, the defendant,

**ANTONIO TAYLOR**, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offenses, and any property traceable to such property. The property to be forfeited includes, but is not limited to, the following: a 2023 Dodge Charger, bearing vehicle identification number (VIN) 2C3CDXGJ5PH697460.

If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

A TRUE BILL.

Redacted

_Nichol A. Bu_ (signature)

MICHAEL A. BENNETT
UNITED STATES ATTORNEY

MAB:APG:05/21/2025

UNITED STATES OF AMERICA v. ANTONIO TAYLOR, JOSHUA JAMES, CLEOTIA EVANS, and JAREMEIA HINKLE

## PENALTIES

Counts 1-3:   NL 10 yrs./NM Life/$10,000,000/both/NL 5yrs. Supervised Release (each count)
(NL 15 yrs./NM Life/$20,000,000/both/NL 10 yrs./NM Life Supervised Release
(with notice of one prior conviction)) (each count)
Count 4:   NM 10 yrs./$500,000/both/NM 3 yrs. Supervised Release
Count 5:   NM 20 yrs./NM $500,000/both/NM 3yrs. Supervised Release
FORFEITURE

## NOTICE

**ANY PERSON CONVICTED OF AN OFFENSE AGAINST THE UNITED STATES SHALL BE SUBJECT TO SPECIAL ASSESSMENTS, FINES, RESTITUTION & COSTS.**

SPECIAL ASSESSMENTS

18 U.S.C. § 3013 requires that a special assessment shall be imposed for each count of a conviction of offenses committed after November 11, 1984, as follows:

| | | | |
|---|---|---|---|
| Misdemeanor: | $ 25 per count/individual | Felony: | $100 per count/individual |
| | $125 per count/other | | $400 per count/other |

FINES

In addition to any of the above assessments, you may also be sentenced to pay a fine. Such fine is due <u>immediately</u> unless the court issues an order requiring payment by a date certain or sets out an installment schedule. You shall provide the United States Attorney's Office with a current mailing address for the entire period that any part of the fine remains unpaid, or you may be held in contempt of court. 18 U.S.C. § 3571, 3572, 3611, 3612

**Failure to pay fine as ordered may subject you to the following**:

1. **INTEREST** and **PENALTIES** as applicable by law according to last date of offense.

    <u>For offenses occurring after December 12, 1987</u>:

    No **INTEREST** will accrue on fines under $2,500.00.

    **INTEREST** will accrue according to the Federal Civil Post-Judgment Interest Rate in effect at the time of sentencing. This rate changes monthly. Interest accrues from the first business day following the two week period after the date a fine is imposed.

    **PENALTIES** of:

    10% of fine balance if payment more than 30 days late.

    15% of fine balance if payment more than 90 days late.

2. Recordation of a **LIEN** shall have the same force and effect as a tax lien.

3. Continuous **GARNISHMENT** may apply until your fine is paid.

18 U.S.C. §§ 3612, 3613

   If you **WILLFULLY** refuse to pay your fine, you shall be subject to an **ADDITIONAL FINE** of not more than the greater of $10,000 or twice the unpaid balance of the fine; or **IMPRISONMENT** for not more than 1 year or both. 18 U.S.C. § 3615

RESTITUTION

If you are convicted of an offense under Title 18, U.S.C., or under certain air piracy offenses, you may also be ordered to make restitution to any victim of the offense, in addition to, or in lieu of any other penalty authorized by law. 18 U.S.C. § 3663

APPEAL

If you appeal your conviction and the sentence to pay your fine is stayed pending appeal, the court shall require:

1. That you deposit the entire fine amount (or the amount due under an installment schedule during the time of your appeal) in an escrow account with the U.S. District Court Clerk, or

2. Give bond for payment thereof.

18 U.S.C. § 3572(g)

PAYMENTS

If you are ordered to make payments to the U.S. District Court Clerk's Office, certified checks or money orders should be made payable to the Clerk, U.S. District Court and delivered to the appropriate division office listed below:

LOUISVILLE:         Clerk, U.S. District Court
                    106 Gene Snyder U.S. Courthouse
                    601 West Broadway
                    Louisville, KY  40202
                    502/625-3500

BOWLING GREEN:      Clerk, U.S. District Court
                    120 Federal Building
                    241 East Main Street
                    Bowling Green, KY  42101
                    270/393-2500

OWENSBORO:          Clerk, U.S. District Court
                    126 Federal Building
                    423 Frederica
                    Owensboro, KY  42301
                    270/689-4400

PADUCAH:            Clerk, U.S. District Court
                    127 Federal Building
                    501 Broadway
                    Paducah, KY  42001
                    270/415-6400

If the court finds that you have the present ability to pay, an order may direct imprisonment until payment is made.